# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| DONNA KEEN,<br><br>        Plaintiff,<br><br>vs.<br><br>CAPITAL ONE BANK (USA), N.A.,<br><br>        Defendant. | **Case No. 6:20-cv-3087**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>  1. **TCPA, 47 U.S.C. § 227**<br><br>  2. **Invasion of Privacy – Intrusion Upon Seclusion** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Donna Keen ("Plaintiff"), through her attorneys, alleges the following against Capital One Bank (USA), N.A., ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the

solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

4. In addition, Subject matter jurisdiction of the Court arises under 28 U.S.C. 1332 as the parties are citizens of different states and the amount of controversy exceeds $75,000.00.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

6. Defendants transact business here; personal jurisdiction is established.

## PARTIES

7. Plaintiff is a natural person residing in the County of Laclede, State of Missouri.

8. Defendant is a banking institution engaged in the business of issuing credit cards, with their principal place of business located in McLean, Virginia. Defendant can be served with process at 1680 Capital One Drive, McLean, VA 22102.

9. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff's husband suffered from heart issues, forcing him to into early retirement in 2015. As a result of his forced retirement, he only receives supplemental security income, significantly reducing their combined income.

11. After Plaintiff's husband retired, Plaintiff began withdrawing money out of her 401k to meet the demands of the monthly household expenses.

12. In early 2019, Plaintiff depleted her 401k and was no longer able to rely on those funds to make ends meet.

13. In addition, Plaintiff's home was damaged due to a severe storm that forced her to make emergency repairs.

14. As a result of their financial struggles, Plaintiff and her husband were unable to keep up with all their monthly obligations, specifically their Capital One account.

15. Upon information and belief, after Plaintiff fell behind on her Capital One account, her interest rate increased and late payments were added to her account balance, making it even more difficult to make the monthly payment.

16. In or around September of 2019, Defendant began placing calls to Plaintiff's cellular phone number ending in 5318, in an attempt to collect an alleged debt.

17. The calls placed by Defendant originated from the following number: (800) 955-6600.

18. On or about October 10, 2019 at 5:29 p.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system; Plaintiff spoke with Defendant's representative from telephone number (800) 955-6600.

19. Defendant informed Plaintiff that it was attempting to collect a debt relating to her Capital One account.

20. Plaintiff unequivocally revoked consent to be called any further. Despite Plaintiff's request not to be contacted, Defendant continued to call Plaintiff.

21. On or about October 29, 2019 at 4:03 p.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system; Plaintiff spoke with Defendant's representative from telephone number (800) 955-6600.

22. Defendant informed Plaintiff that it was attempting to collect a debt relating to her Capital One account.

23. Plaintiff unequivocally revoked consent to be called any further. Despite Plaintiff's second request not to be contacted, Defendant continued to call Plaintiff on her cellular telephone.

24. Defendant's incessant calls continued nearly every day until March 5, 2020.

25. Between October 10, 2019 and March 5, 2020, Defendant called Plaintiff no less than eighty (80) times.

26. Defendant called Plaintiff between one (1) and two (2) times a day.

27. Many times, when Plaintiff answered calls from Defendant, there was a pre-recorded message or no person on the phone.

28. Plaintiff works the night shift at a hospital and sleeps during the day before her next shift.  Defendant would primarily call Plaintiff's cellular telephone during the day, while she was sleeping.

29. The calls by Defendant constantly disrupted Plaintiff's sleep and prevented her from getting proper rest before her next shift.

30. Upon information and belief, Defendant would call Plaintiff's family and/or friends to embarrass Plaintiff and induce her to make a payment on the Account.

31. Defendant's daily calls to Plaintiff's cellular phone were a constant reminder of her uncontrollable financial situation, exacerbating Plaintiff's stress and anxiety.

32. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

## COUNT I
### Defendant's Violations of the TCPA, 47 U.S.C. § 227

33. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through twenty-eight (32) as though set forth at length herein.

34. Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions,

Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

35. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

//

//

- 6 -

Case 6:20-cv-03087-BCW   Document 1   Filed 03/20/20   Page 6 of 8

## COUNT II
### Defendant's Invasion of Privacy
### (Intrusion upon Seclusion)

36. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through thirty-one (35) as though set forth at length herein.

37. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

   a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite requests for the calls to cease.

   b. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that interrupted Plaintiff's work and sleep schedule.

   c. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

38. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

//

//

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Donna Keen, respectfully requests judgment be entered against Defendant Capital One Bank (USA), N.A., for the following:

A. Declaratory judgment that Defendant violated the TCPA;

B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C. Actual and punitive damages resulting from the invasion of privacy;

D. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

E. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Date: March 20, 2020

By: */s/JD Haas*
JD Haas, Esq.
JD Haas & Associates, PLLC
1120 East 80th Street, Suite 200
Bloomington, MN 55420
T: (952) 345-1025
jdhaas@jdhaas.com
*Attorneys for Plaintiff*
*Donna Keen*